IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY JONES,

    Petitioner,                           No. 2:09-cv-1408 KJN P

    vs.

M.S. EVANS,                               ORDER TO SHOW CAUSE

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. On June 3, 2009, petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636©.

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

        After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California

1

Supreme Court.  Further, there is no allegation that state court remedies are no longer available to him.

IT IS HEREBY ORDERED that petitioner show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust state remedies.

DATED: February 16, 2010

    /s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone1408.104

2